UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAITH DENISE CONERLY and
DETRICK CURTIS CONERLY,

       Plaintiffs,                  Civil Action No.
                                            10-CV-13633
vs.
                                            HON. MARK A. GOLDSMITH
T-MOBILE,

       Defendant.
_____/

## **ORDER OF SUMMARY DISMISSAL**

### **I.**

On September 29, 2010, the Court issued an order granting Plaintiffs' application to proceed *in forma pauperis* but requiring Plaintiffs to file an amended complaint. *See* docket entry 5. The Court determined that Plaintiffs' original complaint failed to state a claim upon which relief can be granted because it "consist[ed] largely of irrelevant and incomprehensible rambling" such the Court was unable to discern "what happened, when, to whom, and how Plaintiffs have been aggrieved by Defendant in a manner that could give rise to a plausible cause of action." The Court ordered Plaintiffs to file an amended complaint curing the defects described by the Court. The Court also warned Plaintiffs that failure to comply with the order would result in the dismissal of the case. *See id.*

Plaintiffs filed an amended complaint on October 1, 2010, along with two additional filings on October 4, 2010. *See* docket entries 6-8. Piecing these documents together and, when necessary, reading between the lines, the Court deduces the following regarding the background of this case and Plaintiffs' allegations:

- One or both Plaintiffs are customers of Defendant, a mobile phone company;

- Plaintiffs owed, owe, or will owe Defendant, under the parties' existing contractual agreement, some amount of money greater than $10 for cell phone services rendered;

- Instead of paying the amount owed, Plaintiffs sent Defendant what Plaintiffs call a "contract for novation" along with a money order in the amount of $10. The "contract" states, in effect, that the parties' existing contract will be superceded by the new "contract for novation" if Defendant "accepts" the new contract by cashing the $10 money order and/or by signing for the certified mail package.

- The terms of the new "contract" state that, upon acceptance—which, again, is accomplished by Defendant cashing the $10 money order and/or signing for the certified mail package—Defendant shall, among other things: (1) provide Plaintiffs with "five additional handsets of Detrick Conerly's choosing . . . as well as five additional lines of services with unlimited talk, text web, and insurance"; (2) "zero-out" Plaintiffs' existing balance, which presumably is more than $10, in exchange for the $10 payment made by Plaintiffs via money order; (3) accept a forthcoming payment of $100 from Plaintiffs in exchange for months of future cell phone service; and (4) grant Plaintiff Detrick Curtis Conerly "unlimited power of attorney/Agent/Fiduciary Appointment."

- Plaintiffs assert that Defendant accepted the "contract of novation" and all of its terms by "taking" the $10 payment made by Plaintiffs. Because, in Plaintiffs' minds, the contract has been accepted, they now believe that they are entitled to enforce the terms of their "contract of novation." Thus, for example, Plaintiffs believe that they are entitled to the services described in the preceding paragraph, and that Detrick Curtis Conerly is Defendant's attorney. Wearing his hat as both attorney for Defendant and as a *pro se* Plaintiff in this matter, Plaintiff Detrick Curtis Conerly makes the remarkable statement in his amended complaint that "[a]ll parties are in agreement and there is no controversy in this matter."

- For relief, Plaintiffs seek in excess of $21,504,000.

## II.

As previously noted in its prior order of September 29, 2010, the Court is required to screen all complaints filed by plaintiffs proceeding *in forma pauperis* and dismiss those that (1) are frivolous or malicious, (2) fail to state a claim upon which relief may be granted, and/or (3) seek

2

monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

As stated by the Sixth Circuit,

> [t]he Supreme Court has explained that a complaint should be dismissed as frivolous only if it lacks an arguable basis in law or fact. A complaint lacks an arguable basis in law or fact if it contains factual allegations that are "fantastic or delusional" or if it is based on legal theories that are indisputably meritless.

*Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citations omitted). Without belaboring the obvious, the Court finds that "fantastic" and "delusional" are two words that accurately describe this case. Therefore, the case will be dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). In so finding, the Court is mindful that complaints filed by *pro se* litigants must be "construed liberally" and held to "less stringent standards than formal pleadings drafted by lawyers." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, even the most liberal reading of the filings in this case reveals that Plaintiffs are not entitled to relief under any plausible cause of action.

Alternatively, the case is dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). The Court has no jurisdiction where, as here, "the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

**III.**

This case is dismissed as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2). Alternatively, the case is dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3) and *Apple*, 183 F.3d at 479.

SO ORDERED.

Dated: October 14, 2010                              s/Mark A. Goldsmith
    Flint, Michigan                               MARK A. GOLDSMITH
                                                         United States District Judge

        The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on October 14, 2010.

                                                          s/Deborah J. Goltz
                                                          DEBORAH J. GOLTZ
                                                          Case Manager